**SMILEY WANG-EKVALL, LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:     714 445-1000
Facsimile:     714 445-1002

Attorneys for Second Generation, Inc.



**FILED & ENTERED**

**APR 17 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum     **DEPUTY CLERK**

**CHANGES MADE BY COURT**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CATHERINE TRINH,<br><br>　　　　　　Debtor. | Case No. 2:18-bk-11475-RK<br><br>Chapter 11<br><br>Adv. No. 2:18-ap-01209-RK |
| KEVIN VOONG,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CATHERINE TRINH,<br><br>　　　　　　Defendant. | **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ON MOTION OF SECOND GENERATION, INC. FOR SUMMARY ADJUDICATION ON: (1) ITS SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF, AND (2) VOONG'S SECOND CLAIM FOR RELIEF** |
| SECOND GENERATION, INC.,<br><br>　　Defendant and Counterclaimant in Intervention and on Behalf of the Estate of Catherine Trinh,<br><br>v.<br><br>CATHERINE TRINH, an individual, KEVIN VOONG, an individual, and CATHERINE TRINH AND KEVIN VOONG, In Their Capacity as Trustees of The Kevin Voong and Catherine Trinh Revocable Trust,<br><br>　　　　　　Defendants in Intervention. | **Hearing:**<br>DATE:     April 9, 2019<br>TIME:     2:30 p.m.<br>CTRM:    1675<br><br>**Edward R. Roybal Federal Building and Courthouse**<br>**255 E. Temple Street**<br>**Los Angeles, CA 90012** |

2774027.1      1      STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

In granting the *Motion for Summary Adjudication on: (1) its Second, Third and Fourth Claims for Relief; and (2) Voong's Second Claim for Relief* (the "Motion") of Second Generation, Inc. ("SecGen"), defendant and counterclaimant in intervention and on behalf of the estate of Catherine Trinh, the court adopts the following statement of uncontroverted and conclusions of law ("Statement") in support of its *Motion for Summary Adjudication on: (1) its Second, Third and Fourth Claims for Relief; and (2) Voong's Second Claim for Relief* (the "Motion") in the above-captioned adversary proceeding.[1]  All capitalized terms used herein that are not otherwise defined shall have the meanings ascribed to them in the Motion.

## Statement of Uncontroverted Facts

| Uncontroverted Facts | Evidence |
|---|---|
| 1. Debtor Catherine Trinh and Kevin Voong married each other in 2001. | Exhibit (Ex.) 1, at Bates Stamped pages 5, Voong Adversary Complaint for Declaratory Relief at ¶ 4; Ex. 18, at Bates Stamp 449, Trinh Answer to Voong Adversary Complaint for Declaratory Relief at ¶ 1. |
| 2. The Debtor and Voong acquired the Las Flores Property by a grant deed recorded on June 12, 2012. | Ex. 3, at Bates Stamped page 32, the Grant Deed. |
| 3. The Debtor and Voong took and held title to the Las Flores Property as "Wife and Husband as Community Property with Right of Survivorship[.]" | Ex. 3, at Bates Stamped page 32, the Grant Deed. |

---

[1]  Any findings of fact that should be characterized as conclusions of law should be considered as such, and any conclusions of law that should be properly characterized as findings of fact should be considered as such.

| Uncontroverted Facts | Evidence |
|---|---|
| 4. Other than the Quitclaim Deed (*see* Uncontroverted Fact No. 14), there are no recorded transfers of the Las Flores Property or any recorded interests in or to the Las Flores Property after the acquisition of the Las Flores Property by the Debtor and Voong and prior to the Petition Date. | Ex. 6, at Bates Stamped pages 55-64, the Las Flores Property Preliminary Title Report; *see also,* Ex. 13, at Bates Stamped page 213, SecGen's Counterclaims at ¶ 41; Ex. 5, at Bates Stamped page 42, Kevin Voong's Answer to Counterclaims of Second Generation, Inc. at ¶ 41; Ex. 2, at Bates Stamp 23, Trinh Answer to Second Generation, Inc.'s Counterclaims at ¶ 15. |
| 5. The Debtor and Voong allegedly executed a post-nuptial agreement (the "Second Post-Nuptial Agreement"). | Ex. 7, at Bates Stamped pages 82-84, the Second Post-Nuptial Agreement. |
| 6. The Second Post-Nuptial Agreement was never recorded. | Ex. 13, at Bates Stamped page 213, SecGen's Counterclaims at ¶ 41; Ex. 5, at Bates Stamp 42, Kevin Voong's Answer to Counterclaims of Second Generation, Inc. at ¶ 41; Ex. 2, at Bates Stamp 23, Trinh Answer to Second Generation, Inc.'s Counterclaims at ¶ 15; Ex. 6, at Bates Stamped pages 55-64, the Preliminary Title Report. |
| 7. The Debtor and Voong executed The Kevin Voong and Catherine Trinh Revocable Trust, dated April 21, 2017 (the "Trust Agreement"), allegedly creating The Kevin Voong and Catherine Trinh Revocable Trust (the "Trust"). | Ex. 8, at Bates Stamped pages 85-110, the Trust Agreement. |
| 8. The Debtor is a settlor, trustor, trustee, and beneficiary of the Trust. | Ex. 8, at Bates Stamped pages 85, 89-90 & 105-106, the Trust Agreement at Article 5A-B & Article 9; Ex. 13, at Bates Stamped page 211, SecGen's Counterclaims at ¶ 26; Ex. 2, at Bates Stamped page 23, Trinh Answer to Second Generation, Inc.'s Counterclaims at ¶ 8; Uncontroverted Fact No. 13. |
| 9. The Trust Agreement provides that the Debtor has the power to revoke the Trust. | Ex. 8, at Bates Stamped pages 87-88, the Trust Agreement at Article 4. |
| 10. The Trust Agreement contains an attachment entitled "Blanket Assignment of Assets of The Kevin Voong and Catherine Trinh Revocable Trust" (the "Blanket Assignment"). | Ex. 8, at Bates Stamped page 112, Blanket Assignment of Assets to The Kevin Voong and Catherine Trinh Revocable Trust. |

2774027.1    3    STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Uncontroverted Facts | Evidence |
|---|---|
| 11. The Blanket Assignment states that the Debtor and Voong transfer, sell, and assign to the Trust "all of their assets of any nature whatsoever, both tangible and intangible, real and personal, and wherever situated, including those items now owned and existing and those items which may be created or acquired at any time in the future." | Ex. 8, at Bates Stamped page 112, Blanket Assignment of Assets to The Kevin Voong and Catherine Trinh Revocable Trust. |
| 12. The Trust Agreement provides that community property of the trustors transferred to the Trust shall retain its community property character while part of the Trust Estate. | Ex. 8, at Bates Stamped page 87, the Trust Agreement, at Article 3C; Ex. 12 at Bates Stamped page 175, the Debtor's Chapter 11 Disclosure Statement at (page:line(s)) 16:2-3. |
| 13. The Trust Agreement provides the following:<br><br>"While both Trustors are alive, the Trustee shall pay the entire income from that portion of the Trust Estate consisting of Trustors' community property in convenient installments to either of the Trustors, or otherwise as either of the Trustors, from time to time, may direct in writing.<br><br>While both of the Trustors are alive, the Trustee shall also pay to either of the Trustors, or to any other person, or persons, as both of the Trustors shall direct with respect to Trustors' community property, and as either Trustor shall direct with respect to such Trustor's separate property, such part or all of the principal of the Trust Estate as the Trustors shall request, in writing, from time to time. In connection with the Trustors' right to withdraw principal during their joint lifetimes, it is not the intention of the Trustors necessarily to conserve any part of the Trust Estate for the use and benefit of the beneficiaries, or any of them, who may ultimately be entitled thereto by virtue of the provisions hereof. Therefore, if the Trustors' other financial resources, including any power which the Trustors are able to exercise, shall be insufficient, in the discretion of the Trustee, to provide for the care, support, and comfort of the Trustors, during their joint lifetimes, the Trustee shall use such part or all of the principal of the Trust Estate as the Trustee deems necessary or advisable, in such manner as the Trustee | Ex. 8, at Bates Stamped pages 89-90, the Trust Agreement, at Article 5A-B. |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2774027.1 — 4 — STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Uncontroverted Facts | Evidence |
|---|---|
| deems best, for the care, support, and comfort of the Trustors with respect to Trustors' community property, and an individual Trustor with respect to his or her separate property, or for any other purposes that the Trustee deems to be for the best interest of the Trustors, or either of them." | |
| 14. On October 20, 2017, a quitclaim deed (the "Quitclaim Deed") was recorded to transfer the Las Flores Property from the Debtor and Voong to the Trust and such deed was allegedly executed on October 18, 2017. | Ex. 9, at Bates Stamped page 114, the Quitclaim Deed. |
| 15. Voong served a third party claim on SecGen in the State Court Action that is signed under penalty of perjury by Voong (the "Third Party Claim"). | Ex. 10, at Bates Stamped pages 119-134, the Third Party Claim; Declaration of Michael Weisberg at ¶ 7. |
| 16. Voong filed an amended third party claim in the State Court Action, which is signed under penalty of perjury by Voong (the "Amended Third Party Claim"). | Ex. 11, at Bates Stamped pages 135-138, the Amended Third Party Claim; Declaration of Michael Weisberg at ¶ 8. |
| 17. Both the Third Party Claim and the Amended Third Party Claim do not reference the Las Flores Property, and they do not rely upon or allege the existence of the Second Post-Nuptial Agreement. | Ex. 10, at Bates Stamped pages 119-134, the Third Party Claim; Ex. 11, at Bates Stamped pages 135-138, the Amended Third Party Claim. |
| 18. On February 9, 2018, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. | Ex. 14 at Bates Stamped page 351, Trinh's Chapter 11 Voluntary Petition. |

## Conclusions of Law

1.   Under California Family Code § 760, "[e]xcept as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."

2.   Under California Evidence Code § 662, "[t]he owner of the legal title to property is presumed to be the owner of the full beneficial title."

3. At the time the Las Flores Property was acquired by the Debtor and Voong, the Las Flores Property was community property.

4. Under 11 U.S.C. § 550, "(a) [e]xcept as otherwise provided in this section, to the extent that a transfer is avoided under section 544 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee."

5. Under 11 U.S.C. § 544, "(a) [t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

6. "Under 11 U.S.C. § 544(a)(3), the trustee is granted, *in addition to* the avoidance powers, 'the rights and powers of . . . a bona fide purchaser of real property . . . from the debtor.'" *In re Seaway Express Corp.*, 912 F.2d 1125, 1128 (9th Cir. 1990) (emphasis in original).

7. Under California Civil Code § 1214, "[e]very conveyance of real property . . . is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for valuable consideration, whose conveyance is first duly recorded . . . , unless the conveyance shall have been duly recorded prior to the record of notice of action."

8. Under California Family Code § 852(b), "[a] transmutation of real property is not effective as to third parties without notice thereof unless recorded."

9. Under California law, "a bona fide purchaser for value who acquires his interest in real property without notice of another's asserted rights in the property takes the property free of such unknown rights." *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1251 (2005) (citation omitted).

10. Any transfer or transmutation of the Las Flores Property by the Post-Nuptial Agreements is avoided as an unperfected transfer under 11 U.S.C. § 544(a)(3).

11. Any unrecorded interests in or to the Las Flores Property are avoided as unperfected interests under 11 U.S.C. § 544(a).

12. Under 11 U.S.C. § 544, "(a) [t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists."

13. Under California Probate Code § 15304(b), "[i]f the settlor is the beneficiary of a trust created by the settlor and the trust instrument provides that the trustee shall pay income or principal or both for the education or support of the beneficiary or gives the trustee discretion to determine the amount of income or principal or both to be paid to or for the benefit of the settlor, a transferee or creditor of the settlor may reach the maximum amount that the trustee could pay to or for the benefit of the settlor under the trust instrument, not exceeding the amount of the settlor's proportionate contribution to the trust."

14. Any transfer of the Las Flores Property to the Trust by the Quitclaim Deed is avoided pursuant to California Probate Code § 15304(b) and Section 544(a)(1) of the Bankruptcy Code, 11 U.S.C.

15. Any transfer of the Las Flores Property to the Trust by the Blanket Transfer is avoided pursuant to California Probate Code § 15304(b) and Section 544(a)(1) of the Bankruptcy Code, 11 U.S.C.

16. As of the Petition Date, the Las Flores Property was community property of the Debtor.

///

///

17. The Las Flores Property is property of the estate.

DATED: January 22, 2019                    SMILEY WANG-EKVALL, LLP

By: _____/s/ *Robert S. Marticello*_____
　　　ROBERT S. MARTICELLO
　　　Attorneys for Second Generation, Inc.

THE ABOVE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IS ADOPTED AND SO ORDERED.

###

Date: April 17, 2019

_____
Robert Kwan
United States Bankruptcy Judge

2774027.1                             8          STATEMENT OF UNCONTROVERTED FACTS AND
                                                                CONCLUSIONS OF LAW